UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS BETTS III, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   Case No: 05-4146-JPG |
| | ) |
| JAMIE WILLIAM ELLERMEYER, | ) |
| MIKE PLUMLEE, TIM RUSSELL, | ) |
| KEITH KELLERMAN, and JOHN | ) |
| GRIFFITH, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendants Mike Plumlee, Tim Russell, Keith Kellerman and John Griffin (collectively, "defendants") to quash service of process and dismiss plaintiff Louis Betts III's complaint (Doc. 4) on the grounds that the summons was served late. Betts has responded to the motion (Doc. 18), and the defendants have replied to his response (Doc. 19).

Federal Rule of Civil Procedure 4(m) governs the time in which process must be served. That rule provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts have interpreted Rule 4(m) to require a court to grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). In the absence of good cause, whether the statute of limitations has expired on the claim is a factor that the

Court should consider when exercising its discretion to dismiss the case or extend the 120-day deadline.  *Panaras*, 94 F.3d at 341.

In this case, Betts filed the complaint on August 15, 2005, and served defendants either 121 or 123 days later.  This is clearly beyond the period established by Rule 4(m), and Betts has offered no good cause for his delay.  Therefore, the Court is not required to extend the time for service, and any extension lies within its discretion.  Furthermore, the Court notes that the summonses served are not signed by the Clerk of Court and do not bear the Court's seal as required by Rule 4(a).  Some courts view this as a material defect.  *See Macaluso v. New York State Dep't of Envtl. Conservation*, 115 F.R.D. 16, 17-18 (E.D.N.Y. 1986) (holding that "service of an unsigned, unsealed summons not issued by the court clerk . . . amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4").  The Court will not exercise its discretion to allow for the untimely service of defective process.  Accordingly, the Court **GRANTS in part** the motion (Doc. 4) to the extent that it seeks to quash the service and **QUASHES** the purported service of process on defendants Mike Plumlee, Tim Russell, Keith Kellerman and John Griffin.

However, the Court **DENIES in part** the motion (Doc. 4) to the extent that it seeks to dismiss this action and finds that an extension of time to achieve proper service is warranted.  The Court notes that the statute of limitations has run on Betts' claim, and if the Court dismisses this action, even with leave to refile it, it will be too late.  Such a dismissal will not allow for a decision on the merits.  Furthermore, the defendants have had actual knowledge of this suit since the now-quashed attempt at service, and the Court finds that they will not be prejudiced by a short additional delay in service at this early stage of the litigation.  For these reasons, pursuant to Rule 4(m) the Court *sua sponte* **EXTENDS** the deadline for service of process up to and including March 24, 2006.

**Date:  February 9, 2006**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT, DISTRICT JUDGE**